UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CITGO PETROLEUM CORPORATION** | **MISC. ACTION** |
| **VERSUS** | |
| **JASON BOOZER** | **NO. 16-90-JWD-RLB** |

### ORDER

Before the Court is a Motion for Contempt (R. Doc. 2) filed by CITGO PETROLEUM CORPORATION ("Citgo").

In a pending case out of the Northern District of Illinois, titled *Howard Kirby Sonnier vs. Citgo Petroleum Corporation and Repcon, Inc.*, Civil Action No. 13-cv-4323, Citgo issued a subpoena directing the non-party Jason Boozer to testify at a deposition. (R. Doc. 3). As required by Rule 45(a)(1)(A)(iii), the subpoena at issue provided that the place of the deposition (Jason Boozer's address) and the time of the deposition (June 28, 2016 at 10:00 a.m.). (R. Doc. 3 at 1). Citgo served the subpoena on Mr. Boozer June 18, 2016. (R. Doc. 4). Approximately four months later Citgo brought the instant proceeding.

Rule 45(g) provides that "[t]he court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Citgo represents that Jason Boozer "failed to appear as instructed in the Subpoena issued and served upon him." (R. Doc. 2 at 2). Accordingly, Citgo now seeks an order requiring Jason Boozer to appear and show cause "why he should not be held in contempt for failure to appear in accordance with the subpoena issued and served upon him on June 18, 2016."

(R. Doc. 2-1). The Motion is properly before this Court as the court for the district for where compliance is required.

The Advisory Committee has provided that "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena." Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment. Indeed, "because the command of the subpoena is not in fact one uttered by a judicial officer, contempt should very sparingly applied when the non-party witness has been overborne by a party or attorney." Fed. R. Civ. P. 45(e) advisory committee's note to 1991 amendment.

Considering the form of the subpoena at issue, the Court will not require Jason Boozer to show cause why he should not be held in civil contempt. In addition to providing a time and place, the subpoena states that "[t]he deposition will be recorded by this method: Via Telephone – Call Atty Below Upon Service." (R. Doc. 3 at 1). This statement appears to indicate that the deposition will be taken by telephone, which is allowed by Rule 30(a)(4) where stipulated by the parties or ordered by the Court.[1] The subpoena does not, however, provide any instructions with regard to how the deposition would be initiated; whether local counsel for Citgo would attend the deposition at Plaintiff's address; whether the method of recording would be limited to audio means; and whether Citgo would pay any long-distance telephone fees incurred by Jason Boozer to take the deposition and/or to call Citgo's counsel for further instructions.[2]

---

[1] Citgo has not provided this Court with any assertions or documents indicating that telephone depositions have been stipulated by the underlying parties or ordered by the Illinois district court.

[2] Citgo has not provided this Court with any legal authority indicating that counsel has the authority to issue a Rule 45 subpoena requiring a non-party to make a phone call "upon service," incur the expense of contacting the issuing counsel, presumably for the purpose of obtaining more information regarding the unstated contents of the subpoena and the manner by which the deposition would occur.

Furthermore, the subpoena does not indicate whether the court reporter will be in the presence of the deponent during the deposition. The district court where this matter is pending has specifically addressed the sufficiency of a deposition when the court reporter was "not before the witness." *See Aquino v. Auto. Serv. Indus. Ass'n*, 93 F. Supp. 2d 922, 923-24 (N.D. Ill. 2000) (transcripts of telephonic depositions are inadmissible where the notary or court report is not in the presence of the deponent during the telephonic deposition). Based on the foregoing, the Court concludes that Citgo and its counsel did not "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" as required by Rule 45(d).

Based on the foregoing, the Court will not issue any sanctions and/or find Jason Boozer in civil contempt for failing to comply with the subpoena.

**IT IS ORDERED** that the Motion for Contempt (R. Doc. 2) is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 28, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**